# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **THOMAS ANDREW WHITTLE,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| V. : | |
| : | NO. 5:23-cv-00305-MTT-CHW |
| **Deputy Warden REEVES,** *et al.*, : | |
| : | |
| **Defendants.** : | |
| _____: | |

## ORDER & RECOMMENDATION

Plaintiff Thomas Andrew Whittle, a prisoner in Dooly State Prison in Unadilla, Georgia, filed a *pro se* complaint. Compl., ECF No. 1. He also filed a motion for leave to proceed in this action *in forma pauperis*. Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2. Thereafter, Plaintiff's motion to proceed *in forma pauperis* was granted, and Plaintiff was ordered to pay an initial partial filing fee of $6.50. Order, ECF No. 4.

Plaintiff has now filed a new motion to proceed *in forma pauperis*, asserting that he owes $1,100.00 in court fees and that the Dooly County Superior Court has placed a freeze on his inmate account. Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 6. Because it appears that Plaintiff is unable to prepay any portion of the filing fee, the previously ordered initial partial filing fee is now **WAIVED**. Plaintiff is still responsible for the balance of the filing fee, to be paid in installments as set forth in the order granting him leave to proceed *in forma pauperis*.

This case is now ripe for preliminary review. On that review, Plaintiff will be permitted to proceed for further factual development on his excessive force claim against Defendants CERT Officer Paul and Lieutenant Smith and his deliberate indifference to safety claim against Deputy Warden Reeves, Captain Saldana, and Lieutenant Howard. It is **RECOMMENDED** that Plaintiff's remaining claims be **DISMISSED WITHOUT PREJUDICE** for the reasons discussed below. Additionally, Plaintiff's pending motion for appointment of counsel is **DENIED**.

## MOTION TO APPOINT COUNSEL

Before turning to the preliminary review of Plaintiff's complaint, Plaintiff has filed a motion to appoint counsel. Mot. to Appoint Counsel, ECF No. 7. In the motion, Plaintiff asserts that his complaint is complex and involves severe issues including issues related to physical assaults, he is indigent and cannot afford an attorney, his ability to litigate the case is impaired by the defendants, and a trial will involve investigation of state officials who are represented by experts. *Id.* at 1-2. Plaintiff has filed an attachment to his motion, asserting that he has attempted to get counsel through the public defenders office, but he has been denied assistance because he does not have criminal charges pending against him. Attach. to Mot. 1-2, ECF No. 7-1. Plaintiff contends that appointment of counsel is the only way that he can be protected from danger and get other relief. *Id.* at 2-3.

As this is Plaintiff's first request for counsel, the Court advises Plaintiff that "[a]ppointment of counsel in a civil case is not a constitutional right." *Wahl v McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986). Appointment of counsel is a privilege that is

justified only by exceptional circumstances. *Id*. In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).[1]

In accordance with *Holt*, and upon a review of the record in this case, the Court notes that Plaintiff has set forth the essential factual allegations underlying his claims, and that the applicable legal doctrines are readily apparent. As such, Plaintiff's motion for appointment of counsel is **DENIED**. Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

I.  Standard of Review

Because he is a prisoner seeking redress against government officials, Plaintiff's complaint is subject to a preliminary review. *See* 28 U.S.C. § 1915A(a) (requiring the screening of prisoner cases). When performing this review, the court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings

---

[1] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989).

drafted by attorneys," and thus, *pro se* claims are "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting

4

under color of state law. *Hale v. Tallapoosa Cty*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.     Factual Allegations

In his complaint, Plaintiff asserts that, between March 3, 2023, and March 8, 2023, he spoke to CERT Officer Paul in security at Dooly State Prison, asking to be placed in protective custody because "Plaintiff was an affiliated Ghost Face gang member who was in fear for his life." Compl. 5, ECF No. 1. Plaintiff's allegations in this regard are not entirely clear, but it appears from the context of Plaintiff's complaint that he is a former gang member who may have provided information to authorities at some point, as Plaintiff further alleges that Lieutenant Smith, who was in the area and heard Plaintiff's request, called Plaintiff a "snitch" and told him to get back to his dorm. *Id.* Smith also said that he hoped that other inmates would beat Plaintiff. *Id.*

Someone then threw a stapler across the security office at Plaintiff. *Id.* Lieutenant Smith told Plaintiff to pick up the stapler, but Plaintiff refused, saying that he had not done anything wrong. *Id.* At that point, CERT Officer Paul and another officer grabbed Plaintiff, slammed him to the ground, beat him with their fists, and kicked Plaintiff in the ribs. *Id.* Paul and Smith then forced Plaintiff to return to his housing unit. *Id.*

Around the second weekend in May, Plaintiff reported to visitation. *Id.* While he was there, Plaintiff raised his concerns about his safety in the dorm with Captain Saldana, who was in the area. *Id.* After Plaintiff talked to Saldana, Saldana canceled Plaintiff's

5

visitation and placed Plaintiff in the open area outside of visitation for two hours before escorting Plaintiff to a different area, where Plaintiff stood for another hour until Saldana told Plaintiff that there was no room and that he would not be moving Plaintiff. *Id.* at 5, 7. Captain Saldana escorted Plaintiff to security and left him there until a shift supervisor made Plaintiff return to his housing unit. *Id.* at 7.

Plaintiff next discussed his security concerns with Deputy Warden Reeves in the second week of June. *Id.* Although Reeves initially said that he would move Plaintiff, Reeves ultimately did not do so. *Id.* Plaintiff asserts that, by returning him to this dorm, the officers have placed him in physical danger and subjected him to mental distress and extortion by other inmates. *Id.* Plaintiff also states that Lieutenant Howard told the inmates that they needed to "take care of" Plaintiff because he was a snitch, intentionally placing Plaintiff in danger. *Id.* Plaintiff alleges that he has been repeatedly beaten, extorted, and harassed for four months. *Id.*

Plaintiff asserts that the defendants have subjected him to cruel and unusual punishment in violation of the Eighth Amendment to the Constitution. *Id.* Plaintiff also contends that his equal protection rights have been violated because he is in a "quasi-suspect class" due to being a former gang member. *Id.* Plaintiff next alleges that CERT Officer Paul and Lieutenant Smith violated his Eighth Amendment rights by assaulting him. *Id.* And he asserts that Captain Saldana and Deputy Warden Reeves violated his rights by refusing to move him to different housing. *Id.* at 8. Finally, he contends that Lieutenant Howard violated his rights by telling other inmates about Plaintiff's "past involvements." *Id.*

Plaintiff has also filed an affidavit, which appears to be intended as a supplement to his complaint. Aff., ECF No. 5. In this filing, Plaintiff asserts that, on September 5, 2023, and September 6, 2023, between the hours of 10:00 p.m. and 6:30 a.m., another inmate, Elroy Hills, assaulted Plaintiff and held him under a bed for an extended period of time. *Id.* at 1. Plaintiff suffered broken ribs, a laceration, and swelling of his right eye, but he did not receive any medical attention and no report was made of the incident. *Id.* Prior to this incident, Plaintiff also saw Hills throw a bucket of scalding chemicals on a different inmate, who notified Officer Berry, but she refused to remove Hills. *Id.* Plaintiff asserts that, had she done so or had the incident otherwise been addressed, Hills would not have attacked Plaintiff. *Id.* at 1-2.

In this regard, Plaintiff asserts that, after the incident with the chemicals, Hills began chasing another inmate around the housing unit and threatening to kill him. *Id.* at 2. That inmate had to hide behind a divided wall for approximately ten hours to avoid being attacked by Hills. *Id.* Between 2:00 and 4:00 that morning, Hills was angry that he could not capture the inmate and instead turned his attention toward Plaintiff. *Id.* Hills captured Plaintiff and tortured Plaintiff, while interrogating him about things that he believed the other two inmates had been doing. *Id.* Plaintiff did not know anything about these acts. *Id.* Plaintiff asserts that this assault was related to his claims in the complaint and that Officer Berry approved of the assault. *Id.*

Since this event, Plaintiff has requested medical attention every day, but he has not received any response. *Id.* Plaintiff spoke to Lieutenant McDonald and Sergeant Revels on September 7, 2023, at around 10:30 in the dining hall. *Id.* He explained what had

happened, but they sent him back to his housing unit without receiving any medical attention. *Id.*

III. Plaintiff's Claims

A. Equal Protection[2]

Plaintiff asserts that his equal protection rights were violated because he is a member of a quasi-suspect class insofar as he is a former gang member. The Fourteenth Amendment's Equal Protection Clause provides that no state shall deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. A plaintiff bringing an equal protection claim must prove either that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment," *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000), or that he "was treated differently than a similarly situated person [and] the defendant unequally applied [a] facially neutral statute for the purpose of discriminating against [him]." *Strickland v. Alderman*, 74 F.3d 260, 264 (11th Cir. 1996).

First, the Court finds no support for Plaintiff's contention that, as a former gang member, he is a part of a quasi-suspect class, entitled to heightened scrutiny. Even if he

---

[2]In setting out his claims, Plaintiff first generally asserts that the defendants have violated his Eighth Amendment rights. The Eighth Amendment encompasses a variety of different types of claims. Plaintiff's claims that certain defendants used excessive force against him and others were deliberately indifferent to his safety fall within the Eighth Amendment and are discussed below. Additionally, Plaintiff's supplement implicates a potential claim for deliberate indifference to a serious medical need, which is also discussed herein. Beyond these claims, Plaintiff does not assert facts that suggest additional Eighth Amendment claims, and thus, his general assertion of an Eighth Amendment violation is not discussed further in this order and recommendation.

were, Plaintiff does not identify any similarly situated person as to which Plaintiff has been treated differently. Accordingly, he has not alleged facts stating an equal protection claim, and it is **RECOMMENDED** that this claim be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

### B. Excessive Force

Plaintiff asserts that CERT Officer Paul and another officer beat and kicked Plaintiff, raising a potential excessive force claim. Plaintiff also alleges that Lieutenant Smith was in the security office at the time. The Eighth Amendment clearly prohibits the unnecessary and wanton infliction of pain, the infliction of pain without penological justification, and the infliction of pain grossly disproportionate to the severity of the offense. *Ort v. White*, 813 F.2d 318, 321 (11th Cir. 1987) (citing *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)).

To state an Eighth Amendment claim in this context, a plaintiff must allege conduct by a defendant that was objectively harmful enough to establish a constitutional violation and that the defendant acted with a sufficiently culpable state of mind, *i.e.*, that the defendant acted maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). Moreover, an officer who is present and in a position to intervene to prevent another officer's use of excessive force may be held liable for the failure to take reasonable steps to protect a victim of excessive force. *See Hadley v. Gutierrez*, 526 F.3d 1324, 1331 (11th Cir. 2008).

Plaintiff alleges that CERT Officer Paul beat Plaintiff and kicked him because Plaintiff refused to pick up a stapler that was thrown at him. These allegations are

9

sufficient to allow Plaintiff to proceed for further factual development on his excessive force claim against Paul. Insofar as Plaintiff's allegations suggest that Smith was in the immediate area and did not stop Paul, Plaintiff may also proceed on his excessive force claim against Smith based on Smith's failure to intervene.

### C. Deliberate Indifference to Safety

Plaintiff also asserts that Deputy Warden Reeves and Captain Saldana refused to transfer him to a different ward and that Lieutenant Howard encouraged inmates to harm Plaintiff. To state an Eighth Amendment claim for exposure to unsafe conditions, a prisoner must allege facts to show the existence of a prison condition that is extreme and poses an unreasonable risk the prisoner's health or safety. *See Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004). Additionally, the prisoner must allege facts to show that the defendant acted with deliberate indifference to the condition, which requires that the defendant knew that an excessive risk to health or safety existed but disregarded that risk. *Id.* at 1289-90. If the defendant took action that reasonably responded to the risk, the defendant will not be held liable, even if the harm was not averted. *Id.* at 1290.

Plaintiff asserts that he is in a dangerous situation in his dorm because he is a former gang member. Plaintiff also alludes to being called a snitch, which indicates a further potential for danger. Plaintiff alleges that he spoke to Reeves and Saldana about his situation, but they both refused to move Plaintiff somewhere more safe. Additionally, according to Plaintiff, Howard intentionally goaded other inmates into harming Plaintiff. Although he does not provide specific allegations regarding what has happened, Plaintiff contends that he has been repeatedly beaten and harassed for months. These allegations

are sufficient to allow Plaintiff to proceed for further factual development on a deliberate indifference to safety claim against Deputy Warden Reeves, Captain Saldana, and Lieutenant Howard.

### D. Supplement

The allegations in Plaintiff's supplement appear to be intended to raise additional deliberate indifference to safety and deliberate indifference to a serious medical need claims based on the attack on Plaintiff by inmate Hills and the subsequent failure to get him medical treatment for injuries he suffered in that attack. The officers named in this supplement, Officer Berry, Lt. McDonald, and Sgt. Revels, are not named in any of the claims in Plaintiff's original complaint. Rule 20(a)(2) of the Federal Rules of Civil Procedure permits joinder of defendants only when the right to relief asserted arises "out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action."

Plaintiff's claim that he was attacked by Hills does not appear to relate to Plaintiff's original excessive force and deliberate indifference to safety claims, which arose out of Plaintiff seeking protection based on his status as a former gang member. Instead, Plaintiff's allegations suggest that Hills attacked Plaintiff because he was trying to attack a different inmate and became frustrated when he was unable to do so. Thus, it is **RECOMMENDED** that these claims be **DISMISSED WITHOUT PREJUDICE** for improper joinder.

IV. Conclusion

Therefore, for the reasons discussed above, Plaintiff will be permitted to proceed for further factual development on his excessive force claim against Defendants CERT Officer Paul and Lieutenant Smith and his deliberate indifference to safety claim against Deputy Warden Reeves, Captain Saldana, and Lieutenant Howard. It is **RECOMMENDED** that Plaintiff's remaining claims be **DISMISSED WITHOUT PREJUDICE**.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this order and recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this order and recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

For those reasons discussed above, it is hereby **ORDERED** that service be made on **DEFENDANTS DEPUTY WARDEN REEVES, CAPTAIN SALDANA, CERT OFFICER PAUL, LIEUTENANT SMITH, and LIEUTENANT HOWARD,** and that they file an Answer, or other response as appropriate under the Federal Rules, 28 U.S.C.

§ 1915, and the Prison Litigation Reform Act. Defendants are also reminded of the duty to avoid unnecessary service expenses, and the possible imposition of expenses for failure to waive service.

### DUTY TO ADVISE OF ADDRESS CHANGE

During this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings.

### DUTY TO PROSECUTE ACTION

Plaintiff must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the

unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff. Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with his custodian. Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Fed. R. Civ. P. 37 of the Federal Rules of Civil Procedure.

**IT IS HEREBY ORDERED** that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court. This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that

discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party is required to respond to any request which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the Court in the absence of a separate motion accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but no later than one hundred-twenty (120) days from when the discovery period begins.

**SO ORDERED and RECOMMENDED**, this 12th day of December, 2023.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge
